**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>ANTHONY GARZIONE<br><br>    Relator,<br><br>v.<br><br>PAE GOVERNMENT SERVICES, INC.<br>d/b/a PAE<br><br>    Defendant. | Civil Action No.<br><br>1:15-cv-00833 (AJT/JFA) |

## JOINT DISCOVERY PLAN

Pursuant to the Court's Order dated December 30, 2015, Relator Anthony Garzione and Defendant PAE Government Services, Inc. ("PAE"), by counsel, hereby submit this joint report in accordance with Fed. R. Civ. P. 26(f) and Local Rule 26(A).  Counsel for the parties certify that they have conferred prior to this conference to consider claims, defenses, possibilities of a prompt settlement, and to arrange for disclosures required by Rule 26(a)(1) pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

1. <u>Initial Disclosures:</u>  Pursuant to paragraph 4, the parties agree that they will not provide the initial disclosures required by Fed. R. Civ. P. 26(a)(1) until the court has ruled on PAE's Motion to Dismiss the Amended Complaint.

2. <u>Assignment to Magistrate Judge:</u>  The parties do not consent at this time to the assignment of a magistrate judge for trial.

3. <u>Settlement Possibility/Alternative Dispute Procedures:</u>  The parties have discussed the possibility of settlement.  At the present time, they have not reached a settlement, but the parties do not rule out the possibility of a future settlement.  The parties do not believe

that a mediation conducted by the Magistrate Judge would be beneficial at this time.

4. <u>Discovery Plan</u>: The parties agree that all discovery should be stayed until the court rules on PAE's pending Motion to Dismiss the Amended Complaint. Once the court issues its ruling, the parties will submit a joint discovery plan.

5. Dispositive motions shall be filed at a time and date scheduled with the District Judge.

6. The parties reserve the right to join additional parties in accordance with the applicable federal and local rules.

7. The parties do not anticipate amendments to their responsive pleadings, but reserve the right to seek leave of court to make such amendments as soon as possible should discovery uncover information necessitating such amendments, or if additional parties are to be joined as discussed in paragraph 6 above.

8. The parties have instructed their clients of their obligations regarding the preservation of discoverable information.

9. No party shall dispute the authenticity of any document that that party provides to any other party in this matter unless there are reasonable grounds for doing so.

10. Pursuant to the Court's December 30, 2015 Order and Notice, the parties shall file at the Final Pretrial Conference on May 19, 2016, witness lists and exhibit lists.

11. Pursuant to the December 30, 2015 Court Order and Notice, a copy of the exhibits should be exchanged with opposing counsel before the final pretrial conference, and original exhibits, labeled consistent with the exhibit list, bound and tabbed, are to be filed one business day before trial.

12. <u>Discovery of Electronically Stored Information</u>:

The parties believe that this is not a case requiring extensive electronic discovery. With respect to ESI, it is believed that most of the responsive documents can be produced in hard copy or pdf. If this proves impractical, the parties will endeavor in good faith to agree upon a feasible method of production.

The parties agree that electronically stored information and paper documents produced in discovery may be produced in hard copy, or as a PDF, or in other commonly available formats, or on CD/DVD as size dictates. Either party may ask the Court for good cause shown to provide one or more documents in a format different from the format utilized to produce originally. Initially information will not be produced with metadata. However, if upon reviewing the produced information, a party desires to review metadata, and provides good cause for such a request (which if the parties cannot agree, will be resolved by the Court), and obtaining the metadata is possible without unjustifiable expense, metadata will be provided. Absent an agreement of the parties, a party shall have no obligation to transfer information that is not stored in an electronic format into an electronic format for purposes of discovery. Disclosure or production of electronically stored information will be limited to data reasonably available to the parties in the ordinary course of business.

13. <u>Inadvertent Disclosure</u>: The parties have agreed to the following "claw back" provision:

  a. The unintentional production of any document or other information subject to protection by the attorney-client or other applicable privilege and/or the work product doctrine or by another legal privilege protecting such information/documents from discovery shall not constitute a waiver of any privilege or other protection, provided that the producing

party notifies the receiving party, in writing of the unintentional production, promptly after the producing party discovers the inadvertent production. In accordance with Federal Rule of Evidence 502, the attorney client privilege or work product protection shall not be waived by inadvertent disclosure in this litigation.

      b.      Upon written notice of an unintentional production of a privileged document by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

      c.      To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party discloses the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve the information until the claim is resolved.

      d.      If any receiving party is in receipt of a document or information from a producing party that the receiving party has reason to believe was unintentionally produced by the producing party, the receiving party shall in good faith take reasonable steps to notify the producing party of the production of that document so that the producing party may make a determination of whether such document was unintentionally produced.

    e. The party returning or destroying any unintentionally produced documents may move the Court for an order compelling production of some or all of the documents/information to be returned or destroyed, but the fact that the documents were produced inadvertently shall not be deemed to be a waiver of any privilege or protection, shall not be a basis for compelling production, and the motion shall not include or reference the privileged contents of the unintentionally produced documents.

  14. <u>Claims of Privilege or Protection of Trial Preparation Material</u>: The parties anticipate the filing with the Court at a later time a Joint Protective Order for certain confidential, personnel, financial and personal information and testimony.  The parties agree that a motion to file documents under seal must comply with Local Civil Rule 5, must be noticed for a hearing in open court, must state sufficient facts supporting the action sought and that each proposed order must include specific findings.

  Pursuant to Fed. R. Civ. P. 26(b)(5), the parties agree that they will assert claims of privilege/protection through the use of privilege logs. The logs will set forth: (i) a description of any privileged document/thing to include any identifying number/label; (ii) its date (if known); (iii) author (if applicable) if known; (iv) its recipient(s), if any; and (v) the basis for the assertion of privilege/protection. Any such log(s) tendered shall accompany any document production from which the responsive documents are being withheld. No party will be required to put on the privilege log privileged documents that chronicle communications on or after June 10, 2013 between or among the parties, their agents, and their attorneys.

5

15. <u>Other Matters</u>:

a. The parties agree that discovery requests, response or other papers, including attachments, not served via ECF may be served on counsel via email at the following email addresses:

Plaintiff's Counsel: jjarrett@spigglelaw.com

Defendant's Counsel: JSorrenti@cov.com, sshaw@cov.com, and JWorkmaster@cov.com

b. The parties agree that, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and 6(d), whenever any deadline is triggered by email service of any paper or request, the responding party shall have an additional three days within which to respond.

16. <u>Rule 16(b) Conference</u>: In light of the proposed stay of discovery, the parties agree that the Rule 16(b) Conference is necessary and that each party will appear at the Conference to address any questions the Court may have about the Joint Discovery Plan.

PAE GOVERNMENT SERVICES, INC.

       By Counsel

       /s/ _____
       Jason N. Workmaster (Va. Bar No. 46011)
       Steven A. Shaw
       John W. Sorrenti
       COVINGTON & BURLING LLP
       One CityCenter
       850 Tenth Street, NW
       Washington, D.C. 20001
       Telephone: (202) 662-5411
       Facsimile: (202) 778-5412
       Email: JWorkmaster@cov.com
       Email: sshaw@cov.com
       Email: JSorrenti@cov.com
       *Counsel for Defendant*

ANTHONY GARZIONE

       By Counsel

       _____/s/_____
       Jack Bradley Jarrett, III (Va. Bar No. 86176)
       *Counsel for Relator*
       The Spiggle Law Firm PLLC
       4830-B 31st Street, S
       Arlington, VA 22206
       Telephone: (202) 449-8527
       Facsimile: (202) 540-8018
       Email: jjarrett@spigglelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to:

Jack Bradley Jarrett, III (Va. Bar No. 86176)
*Counsel for Plaintiff*
The Spiggle Law Firm PLLC
4830-B 31st Street, S
Arlington, VA 22206
Telephone:  (202) 449-8527
Facsimile: (202) 540-8018
Email: jjarrett@spigglelaw.com

      /s/
Jason N. Workmaster (Va. Bar No. 46011)
Steven A. Shaw
John W. Sorrenti
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Telephone:  (202) 662-5411
Facsimile: (202) 778-5412
Email:  JWorkmaster@cov.com
Email:  sshaw@cov.com
Email:  JSorrenti@cov.com
*Counsel for Defendant*