**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1349

UNITED STATES EX REL. ANTHONY GARZIONE,

        Plaintiff – Appellant,

   v.

PAE GOVERNMENT SERVICES, INC., d/b/a PAE,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:15-cv-00833-AJT-JFA)

Submitted: October 26, 2016        Decided: November 3, 2016

Before WILKINSON and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jack Jarrett, THE SPIGGLE LAW FIRM, PLLC, Arlington, Virginia, for Appellant. Jason N. Workmaster, Steven A. Shaw, John W. Sorrenti, COVINGTON & BURLING LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Garzione filed a complaint against PAE Government Services, Inc. ("PAE"), pursuant the False Claims Act, 31 U.S.C. §§ 3728-3733 (2012) (FCA), asserting that PAE submitted false claims for payment in connection with its procurement of water bottles under a contract with the Department of State and alleging that PAE terminated his employment in retaliation for his protected activity under the FCA. The district court granted PAE's motion to dismiss the complaint. Finding no error, we affirm.

We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The FCA prohibits any person from knowingly presenting or causing to be presented a false or fraudulent claim for payment, or knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim. 31 U.S.C. § 3729(a)(1)(A), (B). "To state a claim under the FCA, the plaintiff must prove: (1) that the

2

defendant made a false statement or engaged in a fraudulent course of conduct; (2) such statement or conduct was made or carried out with the requisite scienter; (3) the statement or conduct was material; and (4) the statement or conduct caused the government to pay out money or to forfeit money due." United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 913 (4th Cir. 2003).

The Supreme Court has recently held that a relator can proceed under an implied false certification theory. Universal Health Serv., Inc. v. United States, 136 S. Ct. 1989, 1999 (2016). Under that theory, when "a defendant makes representations in submitting a claim but omits its violation of statutory, regulatory, or contractual requirements, those omissions can be a basis for liability if they render the defendant's representations misleading with respect to the goods or services provided." Id. The relevant question is whether the defendant knowingly violated a requirement that the defendant knows is material to the government's decision to pay a claim. Id. at 1996. That requirement, however, need not be an express condition of payment. Id. at 2001-04.

In addition, Fed. R. Civ. P. 9(b) requires an FCA plaintiff to, "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."

3

Smith v. Clark/Smoot/Russell, 796 F.3d 424, 432 (4th Cir. 2015) (internal quotation marks omitted). "These facts are often referred to as the who, what, when, where, and how of the alleged fraud." United States ex re. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted).

Finally, "[t]he [FCA's] whistleblower provision, which Congress broadened in 2009, prohibits retaliation 'because of lawful acts done [] in furtherance of an action under this section or other efforts to stop [one] or more violations of this subchapter.'" Smith, 796 F.3d at 433 (quoting 31 U.S.C. § 3730(h)). In order to plead a sufficient claim for retaliation under the FCA, a relator "must allege that (1) he engaged in protected activity, (2) the employer knew about the activity, and (3) the employer took adverse action against him as a result." Id. A relator places his employer on notice of protected actions if he expresses concern to his employer that there is a reasonable possibility of litigation based on fraud or illegality. Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 868-69 (4th Cir. 1999).

We have thoroughly reviewed the record and conclude that the district court did not err in dismissing Garzione's complaint for failure to state a claim. Accordingly, we affirm the district court's order. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED